Filed 1/9/23 Conservatorship of L.A. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person of L.A. | H049457<br>(Santa Clara County<br>Super. Ct. No. 1-06-MH-036042) |
| MARY ANN WARREN, as Public Guardian, etc.,<br><br>　　　Petitioner and Respondent,<br><br>　　　v.<br><br>L.A.,<br><br>　　　Objector and Appellant. | ORDER MODIFYING OPINION, DENYING PETITION FOR REHEARING<br>NO CHANGE IN JUDGMENT |

BY THE COURT:

It is ordered that the opinion filed herein on December 16, 2022, be modified as follows:

On page 2, the first full paragraph shall now read:

"L.A. suffers from schizophrenia, a mental illness characterized by disorganized thinking, hallucinations, delusions, unusual behavior, isolation, and withdrawal from social interaction. She has been institutionalized for much of her adult life and has lived in a variety of care facilities, including board and care homes, institutes for mentally disordered people, and acute psychiatric hospitals. L.A. has been hospitalized in locked facilities for acute exacerbation of her symptoms many times over the course of her lifetime."

There is no change in the judgment. The petition for rehearing is denied.

_____

Wilson, J.

_____

Bamattre-Manoukian,  Acting P.J.

_____

Danner, J.

<u>Warren,  as  Public  Guardian  v.  L.A.</u>
H049457

Filed 12/16/22 Conservatorship of L.A. CA6 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person of L.A. | H049457<br>(Santa Clara County<br>Super. Ct. No. 1-06-MH-036042) |
| MARY ANN WARREN, as Public Guardian, etc.,<br><br>　　　Petitioner and Respondent,<br><br>　　v.<br><br>L.A.,<br><br>　　　Objector and Appellant. | |

A jury determined L.A. to be "gravely disabled" within the meaning of the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.),[1] resulting in the appointment of respondent Public Guardian for the County of Santa Clara (public guardian) as L.A.'s conservator. L.A. contends substantial evidence did not support the jury's finding of grave disability.

While her appeal was pending, L.A.'s conservatorship expired. Having considered the parties' supplemental briefing on whether the appeal is moot, we dismiss the appeal.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

# I. FACTUAL AND PROCEDURAL BACKGROUND

L.A. suffers from schizophrenia, a mental illness characterized by disorganized thinking, hallucinations, delusions, unusual behavior, isolation, and withdrawal from social interaction. She has been institutionalized for much of her adult life and has lived in a variety of care facilities, including board and care homes, institutes for mentally disordered people, and acute psychiatric hospitals. She has also been placed under conservatorships before, following determinations that she was gravely disabled. L.A. has been hospitalized in locked facilities for acute exacerbation of her symptoms many times over the course of her lifetime.

In January 2021, L.A. presented herself to the Good Samaritan Hospital Mission Oaks (Mission Oaks) emergency room. Mission Oaks is a locked acute psychiatric hospital with 24-hour-a-day nursing care. While at Mission Oaks, L.A. received psychiatric treatment, including prescription and administration of medication. She remained at Mission Oaks at the time she was evaluated for the conservatorship proceeding challenged in this appeal.

On February 11, 2021, the public guardian filed a petition for appointment of temporary conservator of the person for a gravely disabled person, pursuant to the LPS Act. The same day, the court issued an order appointing the public guardian as temporary conservator of the person of L.A., pending final determination of the petition.

L.A. elected to proceed with a jury trial pursuant to section 5350, subdivision (d)(1). At trial, the public guardian argued that "[L.A.] is gravely disabled due to a mental illness and therefore requires a mental health conservatorship for her own safety and well-being." The public guardian also requested that the court impose restrictions on L.A. precluding her from having a driver's license, possessing a firearm, entering into contracts, refusing or consenting to treatment related to her grave disability, and refusing or consenting to routine medical treatment unrelated to her grave disability.

L.A. denied that she is gravely disabled, although she acknowledged that she suffers from schizophrenia.

A jury was selected and trial was held on August 2, 2021. The public guardian put on Dr. Gregory Salerno as its expert witness in the field of psychology and the issue of grave disability, to testify regarding L.A.'s mental state and her ability to provide for her basic personal needs. L.A. did not testify at the trial.

On August 3, 2021, the jury unanimously determined that L.A. was "presently gravely disabled due to mental disorder." The trial court then determined that: (1) L.A. shall not have the privilege of possessing a license to operate a motor vehicle; (2) L.A. shall not have the right to refuse or consent to treatment related specifically to her being gravely disabled; (3) L.A. shall not have the right to refuse or consent to routine medical treatment unrelated to remedying or preventing the recurrence of her being gravely disabled; (4) L.A. shall not have the right to enter into contracts; and (5) L.A. is disqualified from possessing a firearm.

Judgment was entered on August 4, 2021, and the letters of conservatorship were signed on August 5, 2021. L.A. timely appealed.

While the appeal was pending, L.A.'s conservatorship expired by its own terms on August 3, 2022.[2] We requested supplemental briefing regarding whether the appeal was moot.

## II. DISCUSSION

### A. Applicable law

"The LPS Act authorizes short-term involuntary detentions (see Welf. & Inst. Code, §§ 5150, 5250) and one-year conservatorships for those who are gravely disabled due to a mental health disorder or chronic alcoholism (see *id*., § 5350)."

---

[2] "An LPS conservatorship automatically expires after one year (§ 5361)." (*Conservatorship of George H*. (2008) 169 Cal.App.4th 157, 161, fn. 2.)

3

(*Conservatorship of Eric B.* (2022) 12 Cal.5th 1085, 1095 (*Eric B.*).) In this context, "gravely disabled" means "[a] condition in which a person, as a result of a mental health disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter." (§ 5008, subd. (h)(1)(A); *Conservatorship of S.A.* (2020) 57 Cal.App.5th 48, 54.)

"When a treatment professional determines a person is gravely disabled and unwilling or unable to accept treatment voluntarily, the county's public guardian may petition to establish a conservatorship." (*Eric B.*, *supra*, 12 Cal.5th at p. 1095, citing § 5352; *Conservatorship of K.P.* (2021) 11 Cal.5th 695, 708-709 (*K.P.*).) "If the matter proceeds to trial and the person is found gravely disabled, the court appoints a conservator (Welf. & Inst. Code, § 5350), imposes 'disabilities' as needed (*id.*, § 5357), and determines an appropriate treatment placement (*id.*, § 5358)." (*Eric B.*, *supra*, at pp. 1095-1096, citing *K.P.*, *supra*, at pp. 709-710.) "A conservatorship terminates after one year but may be extended for additional one-year terms upon petition." (*Eric B.*, *supra*, at p. 1096, citing § 5361.)

### B. The appeal is moot

The conservatorship challenged here has ended, thus depriving us of the ability to provide L.A. with effectual relief and rendering the appeal moot. (*K.P.*, *supra*, 11 Cal.5th at p. 705, fn. 3; *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574 [cases are moot if reviewing court cannot grant effective relief].)[3] As the California Supreme Court has explained, "[t]his problem frequently arises because a conservatorship's duration is short, compared to the appellate process."

---

[3] The public guardian represents that he has been reappointed as conservator for L.A. with new letters expiring on August 3, 2023 and requests that we take judicial notice of the new letters of conservatorship. We deny the request as it is not necessary to our analysis. (*Appel v. Superior Court* (2013) 214 Cal.App.4th 329, 342, fn. 6.) The expiration of the challenged conservatorship renders this appeal moot and the new conservatorship is not at issue here.

4

(*K.P.*, *supra*, at p. 705, fn. 3, citing *Conservatorship of John L.* (2010) 48 Cal.4th 131, 142, fn. 2.)

Although the appeal is technically moot, we nevertheless have discretion to overlook the expiration of the conservatorship and decide the appeal on the merits. (See *Conservatorship of George H.*, *supra*, 169 Cal.App.4th at p. 161, fn. 2.) "Even if a conservatorship terminates prior to appellate review, the appeal is not moot if it raises issues that are capable of repetition yet avoiding review. [Citation.] In addition, the continuing stigma of wrongful commitment, which continues even after the commitment has ceased, is grounds for entertaining an appeal." (*Conservatorship of Carol K.* (2010) 188 Cal.App.4th 123, 133 (*Carol K.*).) It may also be proper to resolve a moot case on the merits where it is a matter of general public interest likely to reappear in the future. (*Conservatorship of Manton* (1985) 39 Cal.3d 645, 647, fn. 1.)

We do not find these factors present here, though. On appeal, L.A. argues substantial evidence did not support the jury's determination that she is gravely disabled or Dr. Salerno's opinion that L.A. could not provide food, clothing and shelter for herself. In other words, she only challenges the sufficiency of the evidence supporting those specific determinations which are unique to her case and the challenged conservatorship. By contrast, she does not raise legal issues that could apply to other cases or present any questions of general public interest likely to reappear in the future.

In *K.P.*, the California Supreme Court exercised its discretion to consider the merits of the appeal despite it being moot. (*K.P.*, *supra*, 11 Cal.5th at p. 705, fn. 3.) However, in that case, the appellant had claimed that "a finding of unwillingness or inability to accept voluntary treatment is required for a conservatorship to be established," which was strictly a legal question. (*Id.* at p. 706.) We are not confronted with any such legal issues here.

In supplemental briefing, L.A. relies on *Carol K.*, *supra*, 188 Cal.App.4th 123, in which the court elected to address the merits of the appeal despite the conservatorship

5

already having expired. The court stated that, "[e]ven if a conservatorship terminates prior to appellate review, the appeal is not moot if it raises issues that are capable of repetition yet avoiding review. [Citation.] In addition, the continuing stigma of wrongful commitment, which continues even after the commitment has ceased, is grounds for entertaining an appeal." (*Id*. at p. 133.)

We do not view the specific evidentiary issues raised in this appeal as capable of repetition yet evading review; on the contrary, there is no suggestion that the evidentiary arguments L.A. raises here are recurring problems. Moreover, the facts in *Carol K*. do not appear analogous to this case; nor has L.A. argued that they are. The mere fact that the court in *Carol K*. elected to exercise its discretion to consider the merits of an otherwise moot appeal does not compel the same result here.

We recognize that, as the California Supreme Court explained in *K.P*., "[t]his problem frequently arises because a conservatorship's duration is short, compared to the appellate process." (*K.P*., *supra*, 11 Cal.5th at p. 705, fn. 3.) However, it does not follow that a reviewing court must address the merits in every such instance; instead, the matter is left to the discretion of the reviewing court.[4] (*Conservatorship of John L*., *supra*, 48 Cal.4th at p. 142, fn. 2.)

### III.    DISPOSITION

The appeal is dismissed as moot.

---

[4] We also note that an appellant subject to an LPS conservatorship could seek peremptory relief by writ petition (*In re David B*. (2017) 12 Cal.App.5th 633, 655) or seek calendar preference and expedited review on appeal. (See, e.g., Cal. Rules Court, rule 8.240.)

_____
                                Wilson, J.

WE CONCUR:

_____
            Bamattre-Manoukian, Acting P.J.

_____
            Danner, J.

Warren, as Public Guardian v. L.A.
H049457